STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

ENDORSED
FILED IN MY OFFICE
NOV 1 6 2009

CLERK DISTRICT COURT

JENELL HARTMAN,

    Plaintiff

No. CV 2009 13408

v.

BIG LOTS STORES, INC.,

    Defendant.

## COMPLAINT FOR UNLAWFUL FAILURE TO PAY OVERTIME WAGES

1. Plaintiff, Jenell Hartman, is an adult individual who resides at 708 Grace, NE, Albuquerque, New Mexico, County of Bernalillo, State of New Mexico.

2. Plaintiff was employed by Defendant as an Assistant Manager from August 18, 2003 until August 5, 2009, when her employment was terminated by Defendant.

3. Defendant, Big Lots Stores, Inc., is a foreign corporation, authorized to do and doing business within the State of New Mexico and the jurisdiction of this Honorable Court. This defendant may be served through its registered agent, Corporation Service Company, 125 Lincoln Avenue, Suite 223, Santa Fe, NM 87501.

4. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the New Mexico Minimum Wage Act, NMSA 1978, Section 50-4-20, *et seq.* ("MWA").

5. Throughout her employment with defendant as Assistant Store Manager, Plaintiff was required to work in excess of 40 hours per week.

6. The job duties of Assistant Manager require Assistant Managers to spend the majority of their time in physical labor pursuits such as stocking shelves, operating the cash registers, unloading trucks, placing stock in the storeroom, straightening the merchandise, assisting customers with merchandise handling and cleaning the bathroom.

7. Plaintiff was required to spend the majority of her time performing such duties.

8. Defendant misclassified Plaintiff as exempt from the overtime requirements of the FLSA and the MWA. The job duties performed by Plaintiff did not meet any of the exemptions set forth in either law.

9. Defendant has been on notice of the illegality of these practices for several years and has continued to misclassify Assistant Managers as exempt employees.

## COUNT I – VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

10. Plaintiff was an employee of Defendant under the meaning of the FLSA.

11. Upon information and belief, Defendant is a covered enterprise within the meaning of the FLSA.

12. Plaintiff was misclassified as an exempt employee and was not paid overtime hours that she worked in excess of 40 hours per workweek.

13. In addition to the misclassification as exempt of the Assistant Manager position, Plaintiff alleges that Defendant has required her to work "off the clock" by performing certain job duties without compensation.

14. Defendant is liable for all hours worked, which should be utilized in the calculation of the hours worked per week.

15. Upon information and belief, Defendant violated the 29 U.S.C. §206, §207, and §215 by employing employees in an enterprise engaged in commerce in the production of goods, within the meaning of the FLSA, who were required to work in excess of forty (40) hours per week without compensating these employees at an overtime rate of pay for hours worked in excess of forty (40) hours per week.

16. On information and belief, Defendant has previously been made aware of the illegality of the practices described in this complaint in other litigation in both Louisiana and California. Regardless, Defendant knowingly, willfully and/or in reckless disregard carried out and continues to carry out its corporate policy and practice of misclassifying Assistant Managers as exempt from the FLSA.

17. Plaintiff is entitled to not only unpaid overtime wages under the FLSA, but liquidated damages, attorney fees and costs in addition thereto.

## COUNT II – VIOLATIONS OF THE NEW MEXICO MINIMUM WAGE ACT

18. Plaintiff incorporates by reference the allegations contained in Paragraphs 1-17 above.

19. Plaintiff is a covered employee under NMSA 1978, §50-4-21 and is not subject to any exemptions stated therein.

20. Plaintiff was entitled to overtime for all hours worked for Defendant in excess of forty (40) hours in any week in her role as Assistant Manager for Defendant.

21. Plaintiff was misclassified as exempt and was not paid the required overtime pay.

WHEREFORE, Plaintiff prays that there be judgment herein in favor of Plaintiff and against Defendant as follows:

1) For judgment finding that plaintiff is entitled to overtime pay at a rate not less than one and one-half times her regular rate of pay for all hours worked over forty (40) in each week for the maximum time period allowed by law;

2) For an award of liquidated damages, attorney fees and costs, all as allowed by law; and

3) For all other and further relief as may be appropriate.

          Respectfully Submitted,

          WILL FERGUSON & ASSOCIATES

          */s/ Deena B. Beard*
          DEENA B. BEARD
          1720 Louisiana Blvd. NE, Suite 100
          Albuquerque, New Mexico 87110
          Phone: 505 243-5566
          Fax: 505 243-5699