IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JENELL HARTMAN

    Plaintiff,

vs.                          No. 09-CV-1166 LH/WDS

BIG LOTS STORES, INC.,

    Defendant.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS[1]

This matter comes before the Court on an Order of Reference Relating to Approval of Settlement (Doc. No. 25) directing this Court to conduct a fairness hearing to determine if a settlement reached in this case is fair and equitable under the Fair Labor Standards Act. On February 7, 2011 this Court held a fairness hearing. Appearing at the hearing were the Plaintiff and her attorney Albert N. Thiel, Jr. and counsel for Defendant Big Lots Stores, Inc., Agnes Padilla. After hearing from the parties, reviewing the proposed settlement and being otherwise fully informed the Court makes the following findings.

Plaintiff worked for Defendant for several years. Her employment from November 2006 to August 2009 is in question in this lawsuit. During the relevant period Plaintiff held the title of Assistant Manager. Plaintiff claims that she was required to perform many non-managerial tasks, such as stocking and running the cash register, which rendered her job more like a foreman than a manager. Defendant strongly disputes this characterization. As manager, Plaintiff would not be

---

[1] Within fourteen (14) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. §636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the fourteen-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

eligible for the overtime pay under the FLSA that she seeks in this action.

During the relevant period Plaintiff worked at Defendant's store on Menaul Boulevard and later at Defendant's store on 4th Street. Both stores are in Albuquerque. Plaintiff acknowledges that her work at the Menual Store from November 2006 until February 2008 is her strongest argument for coverage under the FLSA. Although she claims she worked 50-60 hours a week during this period, there are no records to firmly establish the amount of hours worked. Plaintiff acknowledges that she performed more managerial tasks at the 4th Street store and that this is a weaker portion of her claim. Plaintiff represents that her actual damages if she were to prevail on the Menual portion of her claim would be approximately $22,950, plus liquidated damages, and costs and attorney fees. Were Plaintiff to prevail on all her claims with maximum damages and fees the amount of damages are alleged to be in excess of $150,000.

There are apparently several similar cases against Defendant in other jurisdictions around the country which are being vigorously contested. Both counsel agree that this case carries risk for both sides and could result in an all or nothing verdict. Plaintiff's counsel represented to the Court that going to trial would also entail significant costs due to the number and location of witnesses. Plaintiff indicated a desire to settle this matter and get the litigation behind her. She stated to the Court that she understands that going to trial could result in a much larger recovery.

The settlement contemplates a payment of $30,000.00. Plaintiff would receive $18,324.72 with the Defendant issuing her an IRS Form 1099 for the amount. Plaintiff's attorneys would receive $11,675.28, which represents a one third contingency. Plaintiff's attorney represented to the Court that the attorney's fees on an hourly basis are significantly more at this juncture than the above amount.

Applying the standards set out in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350

(11th Cir. 1982) the Court finds the proposed settlement is fair and reasonable. The lawsuit arises out of a bona fide dispute between the parties, both of whom are represented by competent counsel. There are significant risks for both parties going forward, which both parties understand. The Court recognizes that settlements under the FLSA are to be closely scrutinized before approval. While the amount of this settlement is significantly less than the potential maximum recovery, in the Court's opinion it is a reasonable compromise given the uncertain nature of liability and damages, as well as the time and costs of going forward to a final resolution at trial. Both parties have no hesitation that the settlement is in their best interests.

At the time of settlement it was a condition of the settlement that it be confidential. At the fairness hearing the Court informed the parties that public policy would require that the terms of this settlement under the Fair Labor Standards Act be a matter of public record, notwithstanding the earlier entry of a confidentiality order. The Court instructed the Defendant to advise the Court if it found publication of the settlement terms unacceptable, and the Court would then recommend that the settlement not be approved as an essential element of the agreement could not be effectuated. The Court received no such notice.

IT IS THEREFORE RECOMMENDED that the settlement be approved.

_____
W. Daniel Schneider
United States Magistrate Judge